RIO HONDO HARVESTING ASSOCIATION, Appellant,

v.

Charles E. JOHNSON et al., Appellees.

No. 18586.

United States Court of Appeals Fifth Circuit.

Aug. 3, 1961.

Dissenting Opinion Aug. 7, 1961.

---

Morris Atlas, McAllen, Tex., for appellant.

Robert C. Maley, Jr., Asst. U. S. Atty., Houston, Tex., Earl Street, Regional Atty., Dallas, Tex., for appellees.

Before TUTTLE, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

## PER CURIAM.

It appearing that the trial court at the time it entered an order dismissing the complaint in the above entitled case, enjoined the defendants, the appellees here, from proceeding further with the implementation of the decision of the Director of the Bureau of Employment Security, and this Court having now, 290 F.2d 471, affirmed the judgment of the district court dismissing the said complaint for failure to join an indispensable party,

It is Ordered that the temporary injunction issued by the trial court be, and the same is, hereby dissolved.

CAMERON, Circuit Judge (dissenting).

I joined with the Court in affirming, by opinion dated May 12, 1961, the action of the district court in dismissing the complaint of plaintiff-appellant Rio Hondo Harvesting Association because of its failure to join an indispensable party. I have also joined in the order of this Court entered August 3, 1961 correcting our opinion of May 12th and denying the petition for rehearing. In my opinion, the question presented is a close one, but I concurred in the view of the lower court and of the other two Judges of our Court in deciding the question of indispensable party. But I do not think the Association's complaint was filed in bad faith or that it showed on its face that it was lacking in merit, and I do not think our decision that there was a failure to join an indispensable party is free from doubt, or that a litigant challenging it ought to be impeded in its efforts to avail itself of all legitimate means to test the correctness of the decision.

I find myself, therefore, unable to join with the majority in entering, on the same day the petition for rehearing was denied, an order dissolving the temporary injunction issued by the trial court. The effect of this order is to deny a motion filed by the Association for stay of mandate and for preservation of the status quo during its effort to obtain certiorari from the Supreme Court; and to grant the motion by appellee and emanating from the Department of Justice in Washington praying for acceleration of the issuance of the mandate from our Court.

The trial court manifestly thought that the complaint filed by the Association showed merit on its face inasmuch as it issued, first an ex parte restraining order, then a temporary injunction to preserve the status quo and protect the Association from the irreparable injury the court below obviously thought to be threatened. And then the trial court, having failed to reach the merits and having found itself impelled to dismiss the action because of absence of an indispensable

party, extended the injunction to protect the Association during the pursuit of appellate procedures.

The Government's motion for acceleration complains of long delay in disposition of the appeal. The only delay which is apparently attributable to the Association is a request which we granted for an additional twenty days for filing its petition for rehearing. I do not find myself shocked by the expiration of a little more than a year from the date of the first temporary restraining order to the denial of the petition for rehearing. I believe an examination of the records of this Court and of the Federal Courts generally will show that unusual speed was achieved in the disposition of this action.

The course we now take in entering the order from which I dissent fails, without just cause or any cause at all which I can perceive, to afford to the Association protection while it pursues its right to apply for certiorari to the Supreme Court. The rules of this Court, dated May 1, 1961, provide (Rule 32) 28 U.S. C.A. the following:

"Mandate shall issue at any time after twenty-one days from the date

of the decision, unless an application for rehearing has been granted or is pending. If such application is denied the mandate *will be stayed* for a further period of ten days. No further stay will be granted unless applied for within the delay given above." [Emphasis supplied.]

Where application for stay is made within the ten day period, as here, it is so universally the practice to grant the stay for a period of thirty days to permit a litigant to assemble his record to accompany application for certiorari, that this Court has, and has had for many years, a printed form to be used in such a situation.[1]

The order entered by the district court dismissed the complaint for want of an indispensable party.[2] The motion of appellees to dismiss had contained the charge that the complaint failed to state a claim upon which relief could be granted; but the judge did not decide that point in favor of appellees. The appellees filed no answer to the complaint, and its averments stand, therefore, unchallenged.[3]

The complaint seems to me to state a case of arbitrary abuse of power by gov-

1. "On Consideration of the Application of the ——— in the above numbered and entitled cause for a stay of the mandate of this court therein, to enable ——————— to apply for and to obtain a writ of certiorari from the Supreme Court of the United States, it is ordered that the issue of the mandate of this court in said cause be and the same is stayed for a period of thirty days; the stay to continue in force until the final disposition of the case by the Supreme Court, provided that within thirty days from the date of this order there shall be filed with the clerk of this court the certificate of the clerk of Supreme Court that certiorari petition and record have been filed. It is further ordered that the clerk shall issue the mandate upon the filing of a copy of an order of the Supreme Court denying the writ, or upon the expiration of thirty days from the date of this order, unless the above-mentioned certificate shall be filed with the clerk of this court within that time.

"Done at New Orleans, La., this ——— day of ———, 19——.

——————————
"United States Circuit Judge."

2. " * * * it is the opinion of the Court that the motion to dismiss filed by the defendants should be granted in that there is want of an indispensable party.

"It is therefore Ordered, Adjudged, and Decreed that this suit is hereby dismissed."

3. The complaint alleges that it is a non-profit farm marketing association organized under the laws of the State of Texas. It had been approved as an employer eligible to contract for the utilization of Mexican Nationals for farm labor. The members of the Association were, at the time, employing the services of approximately 1400 Mexican Nationals, and the government authorities, most of whom were located in the State of Texas, had revoked the right of the Association

ernment officials, and no answer has ever been filed negating any of the charges. The members of the Association will, under the allegations of the complaint, be subjected to irreparable injury of a harsh and destructive character. The charges of arbitrary and discriminatory action, if they can be proved, would doubtless lead to relief at the hands of the Court. The only reason this Court or the court below felt that the merits of the case could not be inquired into and determined was that the Government elected to claim that one of those in line of command and representing the Government was legally indispensable to the maintenance of this action and could not be reached by the process of the court. The court below and this Court have supported the Government's contentions.

The point is that, under the concept of justice which animates the courts of this country, its citizens ought to be able to present their causes to every court having jurisdiction to hear them. One step in the machinery provided is the right to apply for certiorari to the Supreme Court.

The majority here does not explain why our Rule 32 and the practices normally followed in applying it should not be observed here. Those who entertain the view that we made the rule and we can break it would doubtless feel that we should not break it capriciously or without compelling cause. I think this appellant and its membership should be vouchsafed the right to endeavor to have the Supreme Court overturn our decision with full protection of the status quo while they are pursuing the legal remedies provided by law. I therefore respectfully dissent.

and its members to continue the employment of the Mexican Nationals. The complaint alleges that the various steps taken in reaching the decision and the decision itself were not based upon a showing supported by substantial credible evidence; that the findings and conclusions are arbitrary, capricious, and constitute an abuse of discretion and are otherwise not in accordance with law;

that the determinations were made without observance of procedural due process and did not meet the requirements of the law; that no notice of alleged violations of the law had been given to it, and that the violations charged against it consisted chiefly in the Association's failure to keep the records which the government functionaries desired that they keep.